OPINION
Appellant, Anthony D. Liberatore, appeals from the August 28, 2001 judgment entry of the Willoughby Municipal Court, finding him guilty of driving under the influence of alcohol in violation of Willoughby Ordinance 434.01(A)(1).
On May 29, 2001, Willoughby Patrolman Travis Stephenson ("Patrolman Stephenson") was informed by dispatch that an impaired motorist was driving northbound on River Road and that the complainant was following him. The complainant continued to follow the impaired motorist while Patrolman Stephenson proceeded to the scene. Dispatch relayed to Patrolman Stephenson that the impaired motorist had struck a brick wall and run a red light. When Patrolman Stephenson arrived at the scene, the complainant was seated in his vehicle, which was parked behind that of the impaired motorist. At the scene, Patrolman Stephenson spoke to Patrolman Davis, who provided him with complainant's name and address, and told him that complainant was a Gates Mills police officer.
Patrolman Stephenson then spoke to the impaired motorist, whom Patrolman Stephenson identified as appellant. Patrolman Stephenson noticed a strong odor of alcohol in appellant's car and on his breath. Appellant's speech was slurred, he used the car door to support himself as he exited the vehicle, and he was unable to walk in a straight line. Patrolman Stephenson also observed damage to the bumper of appellant's vehicle consistent with scraping a brick wall. At that point, appellant was arrested for driving under the influence.
On June 29, 2001, appellant filed a motion to dismiss, or in the alternative, motion to suppress. A suppression hearing was held on July 26, 2001. The sole witness to testify at the hearing was Patrolman Stephenson. On August 8, 2001, the trial court filed a judgment entry denying appellant's motion to dismiss or suppress. At his trial on August 28, 2001, appellant entered a plea of no contest. In its judgment entry, filed on the same date, the trial court found appellant guilty of driving under the influence.
Appellant has filed a timely appeal and asserts the following error on the part of the trial court:
 "Where the prosecution knows the names of the dispatcher and presumably of the informant, is there a Sixth Amendment violation when the prosecution fails to call either of these two witnesses, and is there a Sixth Amendment constitutional infirmity when [appellant] is not given an opportunity to cross-examine either the dispatcher or the alleged informant."
The facts of the instant matter closely parallel those of Maumee v.Weisner, 87 Ohio St.3d 295, 1999-Ohio-68. In Weisner, police dispatch received a report of drunk driving from an eyewitness motorist. Id. at 295. The eyewitness provided dispatch with his name and telephone number. Id. When the police officer finally located the drunk driver, he followed his vehicle for thirty to forty seconds before stopping him, but did not witness any erratic driving. Id. At the subsequent suppression hearing, the police officer was the sole witness called by the city. Id. at 296.
The initial matter addressed by the Weisner court was the state's burden of proof at a suppression hearing. The Supreme Court of Ohio concluded that "* * * where an officer making an investigative stoprelies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." (Emphasis sic.) Id. at 298.
In determining whether the arresting officer had reasonable suspicion of criminal activity, the court looked at a number of factors relating to the information provided by the eyewitness. First, the Supreme Court of Ohio noted that the informant was an identified citizen informant, who had provided dispatch with his name and telephone number. Id. at 302. Three classes of informants are generally recognized: the anonymous informant, the known informant (typically an individual with criminal associations who has previously provided reliable information), and the identified citizen informant. Id. at 300. The Weisner court noted that an anonymous informant is relatively unreliable, and his tip will generally require police corroboration, while an identified citizen informant may be highly reliable. Id. Here, the tip was provided by an identified citizen informant, and the tip may be viewed as being highly reliable. In Weisner, the identified citizen informant continued to follow the drunk driver after calling the police, indicating that he was not reluctant to have contact with the arresting officer. Id. at 300. The court concluded that this greatly diminished the likelihood of the informant filing a false report. Id.
The second factor considered by the Weisner court was that the informant had firsthand knowledge of the events. An informant who personally observes an occurrence has greater reliability than an informant who relies on a secondhand description. Id.
Finally, the Weisner court observed that the informant made his report from the perspective of a motorist sharing the road with an impaired motorist who posed a threat to the informant and to other motorists. Id. In view of this factual predicate, the Supreme Court of Ohio concluded that the informant in Weisner had a high degree of credibility; therefore, "the dispatch based upon [the informant's] tip was issued on sufficient facts to justify [the arresting officer's] investigative stop." Id. at 303.
Here, the telephone tip relayed by dispatch to Patrolman Stephenson had the same indicia of reliability as the tip in Weisner. In this case, the informant provided Patrolman Davis with his name and address, and with the additional information that he was a Gates Mills police officer. Further, the informant, in the instant matter, was clearly not reluctant to have contact with the police because he was parked at the scene when Patrolman Stephenson arrived. Additionally, the informant clearly had firsthand knowledge of the events, relaying them to dispatch as they unfolded. Finally, as in Weisner, the informant was providing the information from the perspective of an individual sharing the road with an impaired motorist, who posed a threat to the informant and to other motorists.
Appellant contends that he should have had the opportunity to cross-examine the informant in order to determine his motivation for contacting the police. However, the state's obligation at the suppression hearing was to demonstrate that Patrolman Stephenson had a reasonable suspicion of criminal activity. The determination of this issue depends on Patrolman Stephenson's belief as to the reliability of the information he had received at the time he conducted his investigative stop of appellant. The evidence presented by the state indicated that the information, upon which Patrolman Stephenson acted, had a very high degree of reliability, and that he had a reasonable suspicion of criminal activity.
For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Willoughby Municipal Court is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A NADER, J., concur.